IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **WEBSTER J. SAUCIER** * | C.A. NO. _____ |
| * | |
| **VERSUS** * | **JUDGE DRELL** |
| * | |
| **UNITED STATES OF AMERICA AND** * | |
| **DR. RONG YI CHEN** * | **MAGISTRATE JUDGE** _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# COMPLAINT

NOW COMES WEBSTER SAUCIER, a resident of the State of Louisiana, whose mailing address is 200 Wells Lane, Pineville, Louisiana 71360, (hereinafter referred to individually as "Mr. Saucier" and collectively referred to as "Plaintiff", where appropriate) who avers as follows, to wit:

## PARTIES

1. The parties in this action are as follows:

   A. The plaintiff is a citizen and resident of Rapides Parish, Louisiana, a veteran of World War II, and entitled to continuing veteran's benefits.

   B. The defendants are as follows:

   (i) The United States of America, which in this matter has acted through its agency, the Department of Veteran's Affairs;

   (ii) Dr. Rong Yi Chen, a citizen and resident of Alexandria, Louisiana whose place of business is located at 4032 Huntwick Bld., Alexandria, Louisiana 71303;

   (iii) Joseph William McPherson, Jr., a citizen and resident of Woodworth, Louisiana, who resides at 2000 Maison Rue Drive, Woodworth, Louisiana 71458; and

   (iv) Karen Saucier McPherson, a citizen and resident of Woodworth, Louisiana,

who resides at 2000 Maison Rue Drive, Woodworth, Louisiana, 71458;

## JURISDICTION

2. Jurisdiction in this matter is governed by 28 U.S.C. §§ 1346, and 2401 et seq. Claims against individual persons are brought pursuant to the supplemental jurisdiction of this Court.

3. This is an action under the Federal Tort Claims Act for invasion of privacy, and wrongful transfer of information by an employee of the Department of Verteran's Affairs, Dr. Rong Yi Chen. The individual defendants are participants in the act of invasion of privacy and likewise primarily liable.

4. Claim was timely made by Plaintiff, and as per letter of October 25, 2011, the matter was being reviewed by the Office of General Counsel. Exhibit 1. Six months have passed since that review was begun with no further correspondence. Thus, this suit is timely filed.

## VENUE

5. Venue is proper in the Western District of Louisiana, Alexandria Division pursuant to 18 U.S.C. 1402, as Plaintiff resides in that district, and the acts and omissions complained of occurred within that district.

## FACTUAL ALLEGATIONS

6. Plaintiff was informed and believes, and alleges on information and belief, that Dr. Rong Yi Chen, and was at all times, a licensed physician practicing within the Veteran's Admimistration system at the Veteran's Administration Medical Center in Pineville, Louisiana (VAMC).

7. Dr. Rong Yi Chen, was Mr. Saucier's treating physician during his stay at the VAMC. Mr. Saucier was admitted to the VAMC on March 4, 2010 and discharged on June 2, 2010 by Dr. Rong Yi Chen.

8. Mr. Saucier was released from the VAMC on or about June 2, 2010. Despite a request to find Mr. Saucier incompetent, Mr. Saucier was released from the VAMC, competent, free, and able to manage his own affairs and make informed medical decisions. Mr. Saucier was never incompetent. On information and belief, the question of competency arose through inquiries made by Joe and Karen McPherson.

9. During Mr. Saucier's stay at the VAMC, he executed a power of attorney in favor of his daughter, Sheila Salley.

10. At no time ever did Mr. Saucier give any authority to Joe McPherson or Karen McPherson for them to have access to his private and confidential medical information. Despite having no authority whatsoever, Karen McPherson and her husband Joe McPherson actively sought to obtain the private and confidential medical information of Mr. Saucier.

11. On information and belief, Dr. Chen and others on the staff of the VAMC in Pineville, Louisiana, provided Joe and Karen McPherson with confidential and private information on the medical condition, treatment, diagnosis, and prognosis of Mr. Saucier.

12. On information and belief, the staff at the VAMC repeatedly gave medical information to Karen and Joe McPherson despite being notified in May, 2010, to cease and desist from the same. Dr. Chen's reaction was to declare that he would just

            pay damages in order to ensure that the "Senator" (Mr. McPherson was a Louisiana State Senator) got what he wanted.

13. On May 2, 2010, in an interdisciplinary team meeting to discuss discharge plans for Mr. Saucier, scheduled by Jacquelyn A. Washington, Dr. Chen and Ms. Washington excluded Mr. Saucier from the meeting concerning his own medical affairs, while Dr. Chen discussed Mr. Saucier's medical condition, treatments and diagnosis, with other family members, specifically Karen McPherson and her husband, Joe McPherson, all without permission from Mr. Saucier, thereby violating the HIPPA statutes. Sheila Salley, who had full power of attorney of Mr. Saucier's affairs was also excluded from this meeting.

14. Dr. Chen violated the standards set forth by HIPPA be discussing Mr. Saucier's medical condition with Karen and Joe McPherson, even after filed complaints had been filed with both Dr. Chen and the VAMC.

15. On May 21, 2010, Dr. Chen argued with Hillee Salley, Mr. Saucier's granddaughter, in the lobby of Building 45, regarding the discharge of Mr. Saucier. Pursuant to a statement by Hillie Salley, Dr. Chen refused to tell Mrs. Salley anything regarding Mr. Saucier's future plans of discharge, however Dr. Chen disclosed all of that and other medical record information to Karen and Joe McPherson. Hillie Salley asked Dr. Chen about the disclosure of information regarding Mr. Saucier, and he immediately began screaming at her and told her "I will do whatever I want to do". Dr. Chen also told Hillie Salley that he "makes enough money" that he did not care if the lost his job at the VA, because of these violations.

16. Mr. Saucier's medical information constituted and continues to constitute private, confidential medical information of Mr. Saucier and was and is protected against disclosure by law. The standard made applicable to all health care providers was the standard announced in HIPPAA. That is the same standard for privacy in the State of Louisiana.

17 Dr. Rong Yi Chin, Joe McPherson and Karen McPherson all invaded the privacy of Mr. Saucier. Dr. Chen further violated the contract he had with Mr. Saucier by violating the VAMC policy on confidential as private patient medical records. That policy provides that identifiable information would be protected against disclosure by hospital personnel. Further, on information and belief, Dr. Chen violated the professional standards of a physician by improperly disclosing that information.

18. Plaintiff is informed and believes, and alleges upon information and belief, that neither Dr. Chen, nor Joseph McPherson nor Karen McPherson had any authority or right to access, seek access, divulge, or utilize patient information.

19. The information disclosed and published about Mr. Saucier was protected against disclosure by the privacy laws of the United States of America and the State of Louisiana, and that information was further protected by the general duties regarding invasions of privacy under La. C.C. Art. 2315, et seq. By violating the standards of disclosure and by seeking to obtain, obtaining, and disclosing the protected information, Defendants have committed the tort of invasion of privacy in the State of Louisiana .

20. Joseph McPherson, Karen McPherson and Dr. Chen violated the disclosure laws

when they improperly utilized patient information by exchanging Mr. Saucier's medical information.  They have invaded the privacy of Mr. Saucier, thereby violating HIPPA and committing the tort of invasion of privacy.   Plaintiff is informed and believes, and alleges upon information and belief, that Joseph McPherson, Karen McPherson and Dr. Chen were negligent in safeguarding private information, in refraining from seeking that private information, and in the implementation of VAMC and professional privacy procedures, in the following non-exclusive respects:

(a)     Dr. Chen, failed to implement procedures that would protect identifiable health information of individuals from improper disclosure;

(b)     Dr. Chen, failed to restrict access to confidential health information to persons that did not have any contact with the patient and who were not involved in the treatment of the patient;

(c)     Dr. Chen, failed to instruct, counsel, or train its employees on proper access and dissemination of confidential health information;

(d)     Dr. Chen failed to abide by policy and laws regarding the policies and procedures that VAMC has concerning confidential health information and the improper disclosure of the same;

(e)     Karen and Joseph McPherson had a duty to refrain from seeking the confidential information related to Mr. Saucier's medical conditions, and had a duty to reject that information if were offered by others;

(f)     Karen and Joseph McPherson had a duty to refrain from accepting the information offered, and they had a duty to not use that information in regard to the assets and other private affairs of Mr. Saucier;

 (g) in other ways as shown by the evidence at the trial of this matter.

21. Dr. Chen had a duty to protect the confidential personal health information of Mr. Saucier. Karen and Joe McPherson had a duty to refrain from seeking confidential information of Mr. Saucier.

22. Karen and Joe McPherson violated the privacy of Mr. Saucier by seeking information they know or should have known was confidential and private, securing the same, and by using Joe McPherson's title as "Senator" in order to secure an advantage in obtaining the information he sought.

23. Dr. Chen, Joseph McPherson and Karen McPherson knew that the information about Mr. Saucier was confidential patient information and they knew or should have known not to publish and disseminate that information to third persons. Dr. Chen, Joseph McPherson and Karen McPherson all knew or should have known that the information was protected against disclosure by law. Karen and Joseph McPherson are principals in nursing home operations and are familiar with the confidentiality laws. Further, on information and belief, they sought information in order to interdict Mr. Saucier. Karen and Joseph McPherson had a duty not to invade the privacy of Mr. Saucier be seeking and obtaining his private medical information. In fact, VAMC personnel were instructed not to give any information to anyone other than Sheila Salley.

24. As a physician, Dr. Chen had a duty to preserve and protect the confidentiality and privacy of that information as required by law. Mr. Saucier, as the person whose confidential and private information was and published and disseminated, falls within

the scope of the duty owed by Dr. Chen.  An administrative claim was filed with the General Counsel for the Veteran's Administration, and was under further review as of October 25, 2011; however, no final ruling has yet been received.

25. On information and belief, Karen and Joseph McPherson sought to obtain access to the assets and medical information of Mr. Saucier in order to provide for the liquidation of those assets, placement of Mr. Saucier in a nursing home operated by the McPhersons, and ultimate qualification for medicare or medicaid.  Joe McPherson told a relative that this was their ultimate goal.

26. In connection therewith, Joseph and Karen McPherson did go to Capital One bank and obtain financial information about Mr. Saucier.  On information and belief, Karen and Joseph McPherson had the mailing address changed on the bank accounts of Mr. Saucier without his consent.  On information and belief, Karen and/or Joseph McPherson did disclose unto bank personnel ceratin matters regarding the condition of Mr. Saucier, despite the fact that such information was confidential, private, and privileged.  In some instances, they did improperly influence Mr. Saucier's spouse to go with them in order to obtain the financial information.

27. On information and belief, Joseph or Karen McPherson did seek to enter into Mr. Saucier's lock box in the house, and Mr. McPherson has asked for the combination to the safe drawer and safe.  Upon return to his home, Mr. Saucier noticed that certain items were no longer in the home, including a $2.00 bill that Mr. Saucier carried with him all through World War II that he kept as a memento.

28. Karen and Joseph McPherson had a duty to refrain from interfering with the personal

affairs of Mr. Saucier, and they knew or should have known that they would cause him damages by interfering in his personal affairs. Karen and Joseph McPherson, at all time relevant to these proceedings, knew that Mr. Saucier had a valid agent appointed to handle his affairs if necessary, yet they ignored this information and obtained access to Mr. Saucier's personal, confidential, private, financial and medical information. Further, they improperly influenced Mr. Saucier's spouse and interfered with the relationship between Mr. Saucier and his spouse.

29. Karen McPherson, Joeseph McPherson, and Dr. Chen all breached their statutory and tort duties to Mr. Saucier by engaging in the activities described herein, and by taking advantage of the information that they obtained from those activities.

30. As a result of the fault and negligence of Dr. Chen, and Joseph and Karen McPherson, Mr. Saucier has been damaged. Mr. Saucier has suffered and continues to suffer mental anguish, pain, humiliation, embarrassment, depression, and pain and suffering, all of which has adversely affected his peace of mind, enjoyment of life, even to the extent of interrupting the relationship that Mr. Saucier had with his wife. Since the occurrence of events, and as a result of the fault and negligence of Dr. Chen, Joseph McPherson and Karen McPherson, Mr. Saucier has been withdrawn, upset, irritable, and he has not been able to maintain the same relationship with his wife prior to these events. Further, the actions of the defendants have not only resulted in the loss of consortium, service and society during the time period involving the events, but those actions have also ultimately strained and consequently has ended their marriage resulting in a divorce after sixty-six years of marriage. The

events have disrupted his life and continue to disrupt his life, all as described herein.

31. All of the damages described herein have occurred because of the fault, negligence, or gross negligence or intentional acts of Dr. Chen, Joseph McPherson and Karen McPherson. The United States has determined that Dr Chen and the other staff at the Pineville, Louisiana VAMC were acting in the course and scope of their employment, and thus, the United States is liable under the provisions of the Federal Tort Claims Act.

32. The publication and dissemination of confidential and private patient health information of Mr. Saucier by Dr. Chen, as sought of and received by Joseph McPherson and Karen McPherson as aforesaid, together with the other acts of Karen and Joseph McPherson, constitute an invasion of Mr. Saucier's right of privacy by the defendants. Mr. Saucier is entitled to recover reasonable damages sustained by him as a result of the fault and negligence of Dr. Chen, and Karen and Joe McPherson, according to the evidence, together with legal interest from the date of judicial demand until paid, for all costs of this proceeding, and for attorneys fees reasonable in the premises. Defendants invaded the privacy of and inflicted emotional distress upon Mr. Saucier by their activities. The United States is liable for the improper acts of Dr. Chen and other VAMC personnel.

33. Further, the continued exchange of medical information by defendants, after being ordered to stop the same by Mr. Saucier, needlessly and intentionally inflicted emotional distress upon Mr. Saucier, even after the initial negligent acts of defendants.

34. Petitioner requests a jury trial.

WHEREFORE, petitioners PRAY:

1. That defendants\ be served with a copy of this petition and cited to appear and answer same in accordance with law;

2. That after due proceedings had, there be judgment against defendant and in favor of plaintiff awarding damages reasonable in the premises, for legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for reasonable attorneys fees.

3. For all general and equitable relief applicable in the premises; and

4. For all necessary orders and decrees.

Respectfully submitted,

**THE PESNELL LAW FIRM, APLC**

BY:_____s/ *W. Alan Pesnell*_____
      W. ALAN PESNELL
      Bar Roll #23249
      400 Travis Street, Suite 1100
      P.O. Box 1794
      Shreveport, LA 71166-1794
      Telephone: (318) 226-5577
      Facsimile: (318) 226-5578

**ATTORNEYS FOR WEBSTER J. SAUCIER**

**SERVICE INFORMATION:**

**Please issue a citation and certified copy of this Complaint, as follows:**

**United States of America
Through the United States Attorney,
Western District of Louisiana
Stephanie Finley
300 Fannin Street
Shreveport, LA 71101**

**Joseph McPherson
2000 Maison Rue Drive
Woodworth, Louisiana 71485**

**Karen McPherson
2000 Maison Rue Drive
Woodworth, Louisiana 71485**

**Dr. Rong Yi Chen
4032 Huntwick Bld.
Alexandria, Louisiana 71303**

F:\WAP\Salley, Sheila (Saucier)\Saucier, Webster\federal-complaint.wpd

12

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **WEBSTER J. SAUCIER** | * | C.A. NO. _____ |
| | * | |
| **VERSUS** | * | JUDGE DRELL |
| | * | |
| **UNITED STATES OF AMERICA** | * | MAGISTRATE JUDGE _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF VERIFICATION

**BEFORE ME,** the undersigned Notary Public, duly commissioned and qualified, personally came and appeared

**WEBSTER J. SAUCIER**

Plaintiff in the Petition for Damages, who, after being duly sworn did depose and state that she has read the Petition for Damages, and all allegations of fact contained therein are true and correct, to the best of his knowledge, information, and belief.

_____
WEBSTER J. SAUCIER

**SWORN TO AND SUBSCRIBED**, before me this the \_\_\_\_\_ day of June, 2012, at Alexandria, Rapides Parish,, Louisiana.

_____
NOTARY PUBLIC
PRINTED NAME: _____