IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WEBSTER J. SAUCIER | C.A. NO. 12-CV-01567 |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA AND DR. RONG YI CHEN | MAGISTRATE JUDGE KIRK |

CONSOLIDATED WITH

| | |
|---|---|
| WEBSTER J. SAUCIER | C.A. NO. 12-CV-01007 |
| VERSUS | JUDGE DRELL |
| DR. RONG YI CHEN, ET AL. | MAGISTRATE JUDGE KIRK |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
NOTE:  Please file in 12-cv-01567 as per Judge Kirk
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS

**W. Alan Pesnell**
**Louisiana Bar Roll No. 23249**
**THE PESNELL LAW FIRM, APLC**
**400 Travis Street, Suite 1100**
**Post Office Box 1794**
**Shreveport, Louisiana  71166-1794**
**Telephone:  318/226-5577**
**Facsimile:  318/226-5578**
**Email: alan@pesnelllawfirm.com**

**Attorneys for Plaintiff Webster Saucier**

## TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  Defendants' Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Arguments Against Summary Judgment Filed By
      Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-10

      A.      Standard for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.      The Action is a Valid State Law Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6

      C.      Specification of Matters Disclosed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-10

            I.      Discussion of Attributable Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

            II.     Cases Cited By Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

      D.      Was the Disclosure Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

## Cases Cited

Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 106 S.Ct. 2505,
    91 L.Ed.2d 202 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Brown v. United States 653 F.2d 196 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Groff v. Sw. Beverage Co., Inc., 997 So.2d 782 (La. App. 3 Cir. 2008) . . . . . . . . . . . . . . . . . . . .

Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La. 1979) . . . . . . . . . . . . . . . . . . . . . . . . .

Jo Ellen Smith Psychiatric Hosp. v. Harrell,
    546 So.2d 886 (La. App. 1 Cir. 1989) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Johnson v. Sawyer, 47 F.3d 716 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Kirkley v. Kirkley, 575 So.2d 509 (La. App. 5 Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Laburre v. East Jefferson General Hosp., 555 So.2d 1381 (La. 1990) . . . . . . . . . . . . . . . . . . . . .

Lambert v. Dow Chemical Co., 215 So.2d 673 (La. App. 1 Cir. 1968) . . . . . . . . . . . . . . . . . . . . .

Matsushita Electric Industrial Co. v. Zenith Radio Corp.,
    475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

N.D. v. Ochsner Clinic, LLC, 2008 WL 8872547 (La. App. 5 Cir. 2008) . . . . . . . . . . . . . . . . . . . .

U. S. v. Olson, 126 S.Ct. 510 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Statutes

45 C.F.R. 164.502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

45 C.F.R. 160.103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

45 C.F.R. 160.203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

FRCP 56  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

La. C.C. Art. 2315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

LCE Art. 510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

La. R.S. 13:3715.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

La. R.S. 13:3734 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

La. R.S. 40:1299.40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

La. R.S. 40:1299.96 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

28 U.S.C. 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WEBSTER J. SAUCIER | C.A. NO. 12-CV-01567 |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA AND DR. RONG YI CHEN | MAGISTRATE JUDGE KIRK |

CONSOLIDATED WITH

| | |
|---|---|
| WEBSTER J. SAUCIER | C.A. NO. 12-CV-01007 |
| VERSUS | JUDGE DRELL |
| DR. RONG YI CHEN, ET AL. | MAGISTRATE JUDGE KIRK |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
NOTE:  Please file in 12-cv-01567 as per Judge Kirk
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS**

MAY IT PLEASE THE COURT:

### INTRODUCTION

William Joseph McPherson, Karen Saucier McPherson, and the United States have moved for summary judgment in this matter.  Their motion comes shortly after a request for depositions from Plaintiff made to secure deposition dates for this matter, and it purports to rely on the notion that Plaintiffs cannot put forth any evidence of their claim.  The timing of Defendants' motion is tactical - it is an avoidance technique put forth in the form of a summary judgment motion so that discovery will be quashed.  Of course, this does not mean that discovery will come out in favor of Plaintiffs - we don't yet know, and that, of course, is why its called "discovery."  Yet, the motion

should be denied for the reasons set forth below.

In the alternative, the motion should be dismissed without prejudice until the close of discovery so that the witnesses may be deposed and evidence gathered. That is especially so in a case where the employees of the United States actually threw their patient out of a health care meeting so that they could speak with family members they had been directed not to speak with by your Plaintiff. If Defendants feel that the evidence is insufficient after those depositions, then of course, this motion might be ripe. But it is improper for the Defendants to attempt to cut off discovery with a summary judgment motion, unless there are no facts that could be discovered which would tend to support the case filed by Plaintiff.

I.  DEFENDANTS' POSITION.

Defendants have moved this Court for summary judgment on several grounds. First, Defendants claim that they believe that Plaintiff's discovery responses were not sufficiently detailed to constitute a "...specific fact..." showing that there is a genuine issue for trial. See pp. 2-4, 7 of Defendants' Memorandum in Support, Doc. No. 23-2. Second, Defendants assert that this action is improper under the Federal Tort Claims Act because there is no right of action granted under HIPAA under federal law. See Doc. No. 23-2, Page ID #154 (footnote 1). Finally, Defendants assert that a disclosure to Mr. And Mrs. McPherson was "reasonable." See Doc. No. 23-2, Page ID #157. There, Defendants unilaterally proclaim that "...society has an interest in ensuring that discharged patients have a safe transition from the hospital to a supportive environment..." Yet, no such societal interest exists, especially where the patient has directed the health care provider to the person responsible for his care, and to whom - and only to whom - medical information is to be released. Those issues will be addressed in the following order: (1) the claim that there is no viable FTCA

action; (2) the claim that there is no specific "fact" that can be articulated; and (3) that any disclosure was "reasonable."

II     ARGUMENTS AGAINST SUMMARY JUDGMENT FILED BY DEFENDANTS.

     A.     Standard for Summary Judgment.

FRCP 56 provides that summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FRCP 56. The standard for summary judgment mirrors that of a directed verdict, and, where the record *as a whole* cannot lead to a finding in favor of the non-moving party, then summary judgment is appropriate. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

Once a party has filed summary judgment, the non-moving party cannot rest on the mere allegations or denials of the pleadings; rather, the non-moving party must set forth specific facts that establish an issue for trial. Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

     B.     The Action is a Valid State Law Action.

Defendants admit, as they must, that an invasion of privacy is actionable under Louisiana law and the dictates of La. C.C. Art. 2315. See Doc. No. 23-2, Page ID #'s 154-155 and the discussion of the Louisiana law governing invasion of privacy claims.[1] As noted by Defendants, a viable FTCA claim exists under circumstances where the United States, if a private person, would be liable to the

---

[1] Plaintiff does not necessarily adopt any characterizations of the Defendants in their reading of the cases or the meaning of the cases. Yet, the discussion itself shows that an invasion of privacy is actionable under state tort law.

claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. 1346; U. S. v. Olson, 126 S.Ct. 510 (2005).  Defendants likewise admit that an invasion of privacy is actionable if it "...seriously interferes with the plaintiff's privacy interest."  Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La. 1979); Doc. No. 23-2, Page ID #154.  As admitted by Defendants, an invasion of privacy is actionable when a defendant's conduct is unreasonable and seriously interferes with another's privacy interest.  Doc. No. 23-2, Page ID #154.  Defendants then contend that "HIPPA cannot form the basis of an FTCA claim as the FTCA necessitates a breach of a *state* law duty." citing Johnson v. Sawyer, 47 F.3d 716, 727 (5th Cir. 1995).

     Yet, Johnson v. Sawyer does not stand for the proposition that there is no state law claim for invasion of privacy because HIPAA does not provide for a private cause of action.  In fact, Johnson v. Sawyer and the cases cited therein support Plaintiff's action in this case.  As stated in that case, "...Thus, even a violation of the United States Constitution, actionable under *Bivens*, is not within the FTCA ***unless the complained of conduct is actionable under the local law of the state where it occurred.***  *Brown* at 201."  47 F.3d at 727; *Brown v. United States* 653 F.2d 196, 201 (5th Cir. 1981); see also cases cited generally at 47 F.3d pp. 727-728.

     The question of a state law duty is simply not seriously considered.  Defendants have already admitted that there is an Louisiana state law action for invasion of privacy.  Louisiana law has always recognized a privacy interest in the health information of an individual.  That privacy interest was so strong that the State recognized a "health care provider-patient privilege."  See LCE Art. 510.  While testimonial privileges do not create substantive rights, they recognize important policy based matters concerning confidentiality and privacy.  Privileges are few and far between and they are only accorded in circumstances that require the utmost privacy and confidentiality.  For other privacy

provisions of Louisiana law, see also La. R.S. 13:3734; La. R.S. 13:3715.1 (the "exclusive" method by which a health care provider may release medical records - note the engrafting of the federal HPIAA standard into the Louisiana law); La. R.S. 40:1299.40; La. R.S. 40:1299.96. Those statutes recognize the privacy interests one has in his own medical records, advice, and status. They provide for action by an aggrieved individual in concert with La. C.C. Art. 2315.

Further, Louisiana courts have even issued protective orders protecting privacy where the privilege was not implicated. See Jo Ellen Smith Psychiatric Hosp. v. Harrell, 546 So.2d 886 (La. App. 1 Cir. 1989); Laburre v. East Jefferson General Hosp., 555 So.2d 1381 (La. 1990) (medical information suppressed even outside the privilege, where public policy issues and privacy issues were paramount); Kirkley v. Kirkley, 575 So.2d 509 (La. App. 5 Cir. 1991) (affirming a deposition of a health care provider where an exception to the privilege existed in law - no such exception exists in the case at bar). Thus, Louisiana has a strong statutory scheme to protect the privacy of medical records and strict enumerated exceptions.

As for HIPAA, Plaintiff has never declared or sought a federal action under the HIPAA statute. However, HIPAA declares that a covered entity may not "...use or disclose protected health care information, except as permitted or required by this subpart...." 45 C.F.R. 164.502. HIPAA defines protected health care information as "...individually identifiable health information..." as included and excluded in that section.[2] 45 C.F.R. 160.103. "Individual" means the person that is the subject of the information. Id. "Individually identifiable health information" means information collected from an individual and is (1) created or received by a health care provider, and (2) related

---

[2] It is common knowledge that VA medical centers work in a total electronic environment. Further, it applies to information "...transmitted or maintained in any other form or medium."

to the "...past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual..." and which identifies the individual. Id. "Health care" means care services or supplies related to the health of an individual, including but not limited to preventive, diagnostic, therapeutic, rehabilitative, or palliative care, and counseling, service, assessment, or procedure with respect to the physical or mental condition or functional status of an individual, as well as the sale or dispensing of a drug, device, equipment or other item in accordance with a prescription. Id.

From those definitions, HIPAA prohibits the unauthorized disclosure of that information. HIPAA likewise preempts state law unless the provision of state law relates to the privacy of individually identifiable health information and is more stringent than a standard or requirement under the HIPAA statute. 45 C.F.R. 160.203. Yet HIPAA only goes to privacy disclosure - it does not preempt Louisiana's tort action for invasion of privacy, especially in light of the fact that Louisiana has incorporated that standard into its law. Thus, the action before this Court is not an action under HIPAA - rather, it is a state law invasion of privacy action grounded in the wrongful dissemination of health care information of the Plaintiff. HIPAA provides a standard used by the State, either as a preempted standard, or more stringent standards which are not preempted as to privacy, as well as an incorporated standard. Defendants assertion that there is no viable action is simply misplaced.

    C.    <u>Specification of Matters Disclosed.</u>

        (I) <u>Discussion of Articulable Facts.</u>  Defendants assertion that the disclosures made in discovery are not sufficient to state an articulable fact are specious. The standard applicable to the United States and the other defendants is that there is no allowed disclosure of any identifiable

health care information. Period. It is especially compelling that Defendants desire that Plaintiff describe in minutiae what was disseminated - yet they know that this is not possible. The disclosures were made outside the presence of Mr. Saucier, and were even made in a meeting about Mr. Saucier's care in which Mr. Saucier was asked to leave and discussions were had with his relatives - none of whom were his power of attorney and after Mr. Saucier had demanded that his information only be given to Sheila Salley. See POA, Exhibit 1 attached hereto and made a part hereof; see also, references to Mr. Saucier's request that his information not be disseminated, Exhibit 2 attached hereto and made a part hereof.

It is clear that the United States has improperly disseminated Mr. Saucier's personal health care information. Dr Chen admitted the same. When, on May 21, 2010, Hillee Salley questioned Dr. Chen on why he had not contacted Mr. Saucier's power of attorney on the discharge date, and why he discloses the information to Mr. and Mrs. McPherson, Dr. Chen[3] responded with the assertion that he will do whatever he wants, that he did not care if he lost his job because of it, and that he was ready to retire anyway. See Affidavit of Hillee Salley, Exhibit 3 attached hereto and made a part hereof. Further, the information was used to obtain access to Mr. Saucier's bank account and remove the money therefrom. See Exhibit 4 attached hereto and made a part hereof. The VA personnel were clearly communicating with unauthorized persons. See Exhibit 5. Thus, the assertion that the case cannot be proved is specious. There are substantial facts at issue, but not as to disclosure - that was clearly made without any authorization and in fact with an expressed desire that the disclosures not be made. As admitted by Defendants, there is a Louisiana action for

---

[3] The VA doctor that treated Mr. Saucier, about whom a course and scope inquiry was made by undersigned counsel. The United States determined that Dr. Chen was within the course and scope of his employment, and therefore this action was filed.

wrongful disclosure.

What Defendants really object to is the terminology used by undersigned counsel. Defendants assert that the information exchanged regarded the treatment, diagnoses, and his prognosis, specifically including his physical problems and his competency evaluations. Yet, that falls squarely within the parameters of the information that is declared private. La. R.S. 13:3715.1 (the exclusive method by which any medical information can be released); 45 C.F.R. 160.103 (protecting all information related to diagnosis, rehabilitation, therapy, palliative care, and the past, present or future physical, mental health or condition of a person).

Defendants' assertions are simply misplaced. The exactitude sought by Defendants is not what is required by the law. They are able to defend this case based on what was provided to them, and those issues alone, together with the admission of Dr. Chen, the exclusion of Mr. Saucier coupled with the inclusion of family members other than Sheila Salley, all correlate to a material issue of fact that must be decided by this Court. Alternatively, this motion is premature, as the depositions of the appropriate persons have not yet been taken.

(II) Cases Cited by Defendants. Defendants relay on several cases that simply are not applicable to this matter. In Groff v. Sw. Beverage Co., Inc., 997 So.2d 782 (La. App. 3 Cir. 2008), the court did not decide the issue on summary judgment as to the sufficiency of the allegations. The Court utilized a conclusory allegation compared with evidence from other witnesses, and the non-mover's own evidence that there was never an assault. Moreover, a person being assaulted must be aware of the same in order to be put in a reasonable apprehension of a battery - thus, the assaulted person has details that of necessity can flow into an allegation. That is distinguishable from the case at bar - yet Mr. Saucier meets the burden of proof as to the sufficiency of the allegations - Mr.

Saucier has alleged that the information was disseminated by the United States orally, to family members who were not authorized to receive that information, and Mr. Saucier identifies that information. Given the fact that the discussions were outside his presence, that is clearly understandable. Moreover, given the admission of Dr. Chen, it is clear that the disclosure took place.

The <u>N.D. v. Ochsner Clinic, LLC</u>, 2008 WL 8872547 (La. App. 5 Cir. 2008) is not even applicable to this case. There the witness heard the remark. In the case at bar, Mr. Saucier was excluded from a meeting about his health care, while non-authorized family members were included. That alone proves unauthorized disclosure. That coupled with Dr. Chen's admission suffices to deny summary judgment. This case is positioned exactly like the <u>Ochsner Clinic</u> case.

The case at bar should be assessed according to the case of <u>Lambert v. Dow Chemical Co.</u>, 215 So.2d 673 (La. App. 1 Cir. 1968). There, the employer utilized medical photographs of an employee's work related injury in the company's safety campaign. The company did not obtain the employee's consent. The Court found an invasion of privacy. Yet the case at bar is even more egregious - at lease the company in <u>Lambert</u> had a right to the photographs from a work related injury. In the case at bar, the recipients had no right to any information whatsoever.

    D.    <u>Was the Disclosure Reasonable?</u>

On p. 8 of their memorandum, Defendants assert that Plaintiff has not identified an unreasonable disclosure. Plaintiff shows that **any** disclosure was unreasonable. Given the statutory citations set forth above, Defendants were precluded from seeking or making any disclosure. Furthermore, Mr. Saucier had made it clear that he wanted no disclosures to anyone other than Sheila Salley. He gave her a POA for that purpose, and made the staff aware of the person to whom he wanted all disclosures made. Thus, for Defendants to say that the disclosures made were

"reasonable" is for them to once again disregard the law.  A competent man may make his own decisions about his future care, what will be done and who will do his aftercare (care after discharge), and how to make a safe transition from the medical center to follow up care.  The law recognizes this and provides that any disclosures must be authorized.  See citations above.  Thus, Defendants have it exactly wrong - it is not some vague societal concern made up by Defendants that this Court must deal with - the legislators have already done so, and they have defined how such disclosures are to be made and to whom.  Defendants McPherson do not fall into any of those categories.  Accordingly, any violation contrary to the governing law cannot be reasonable.

III     CONCLUSION.

Based on the foregoing, Defendants are not entitled to any summary judgment on any issue pleaded. Their Motion for Summary Judgment should be denied.

        Respectfully submitted,

        THE PESNELL LAW FIRM, APLC

        By: __W. Alan Pesnell_____
            W. Alan Pesnell, T.A.
            Bar Roll #23249
            400 Travis Street, Suite 1100
            Post Office Box 1794
            Shreveport, Louisiana  71166-1794
            Telephone:  318/226-5577
            Facsimile:   318/226-5578

## **C E R T I F I C A T E**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Memorandum in Opposition to Motion for Summary Judgment, filed by Plaintiff, has this day been served by placing a copy of same in the United States mail, postage prepaid and properly addressed, to all opposing counsel of record, and/or parties to this proceeding.

Shreveport, Louisiana, this 18th day of March, 2013.

_____W. Alan Pesnell_____
Of Counsel